# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SCOTT AUGER,<br><br>    Plaintiff,<br>v.<br><br>ALLNEX USA, INC.,<br><br>    Defendant. | Civil Action File No.<br>_____ |

## COMPLAINT

**COMES NOW, PLAINTIFF, SCOTT AUGER,** (hereinafter, "Plaintiff" or "Mr. Auger"), by and through Counsel, and files his Complaint against the above-named Defendant on the following grounds:

## INTRODUCTION

1.

This is an action for age discrimination pursuant to 29 U.S.C. § 623 (Age Discrimination in Employment Act of 1967, as amended) and disability discrimination pursuant to Title I of the American with Disabilities Act of 1990 ("ADEA"), as amended, and retaliation pursuant to the Family Medical Leave Act ("FMLA", 29 U.S.C.S. §§ 2601-2619 (1994).

## JURISDICTION

2.

The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

3.

Defendant, Allnex USA, Inc., is a Foreign Profit Corporation and has over 500 employees. Absent acknowledgment of service, it can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## VENUE

4.

Defendant operates within the Northern District of Georgia. All actions by defendant alleged herein occurred within the Northern District of Georgia. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5.

Plaintiff is a male over the age of forty (40) years.

6.

Defendant Allnex USA, Inc., (hereinafter, "Allnex"), is a global producer of industrial coating resins and additives for architectural, industrial, protective, automotive and special purpose coatings and inks.

## STATEMENT OF FACTS

7.

Plaintiff is a male over age forty (40) years. Plaintiff was initially employed by Allnex on or about July 21, 2014 as the Global Marketing Manager, PC&I.

8.

In February 2019, Mr. Auger was promoted to Global Marketing Director Crosslinkers.

9.

Throughout Mr. Auger's employment, Mr. Auger performed exceptionally and met or exceeded sales goals.

10.

In 2020, Sophie Hahn became Mr. Auger's superior.

11.

Despite his successful performance of his duties, Sophie Hahn began adding unreasonable and unattainable tasks to Mr. Auger's duties while failing and

refusing to provide Mr. Auger with the proper support staff or pay for reasonable market studies and tools.

12.

On October 5, 2020, Ms. Hahn placed Mr. Auger on a Performance Improvement Plan "PIP". During PIP meetings Sophie Hahn refused to acknowledge the plan objectives were achieved and routinely missed meetings.

13.

Nevertheless, Mr. Auger's team continued to outperform expectations and goals and Mr. Auger was entitled to a bonus of approximately $36,000.00 for 2021.

14.

On January 27, 2021, Allnex terminated Mr. Auger.

15.

Mr. Auger was replaced by a 39 year old Alex Jiang at a much lower rate of pay.

16.

Mr. Auger has since learned that five other Allnex employees aged 50 and up were replaced with much younger employees.

17.

Also on information and belief, Allnex terminated Mr. Auger and others in anticipation of selling the company.

18.

As a result of the stress caused by Allnex, Mr. Auger suffered a heart attack, had heart surgery, and has had other stress related ailments and surgeries.

19.

## COUNT ONE

## VIOLATION OF THE ADEA

25.

Plaintiff realleges and reincorporates Paragraphs 1 through 18 of this Complaint, as if more fully set forth herein.

20.

Allnex has engaged in intentional age discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, replacing Plaintiff with a significantly younger employee and denying Plaintiff his just wages, bonus, and compensation.

21.

Defendant's conduct violates U.S.C. § 623.

22.

Plaintiff filed a timely Charge of Discrimination alleging discrimination with the Equal Opportunity Commission ("EEOC").

23.

On or about October 27, 2022, Plaintiff received his 'Notice of Right to Sue" letter from the EEOC for his Charge of Discrimination, a copy of which is attached hereto as Attachment "A", and incorporated herein by reference.

24.

Plaintiff is filing this action under Title VII within ninety (90) days after receipt of his initial 'Notice of Right to Sue" letter from the EEOC.

25.

Defendants' discriminatory conduct, in violation of the ADEA, has caused the Plaintiff to suffer loss of pay, benefits, and prestige.

26.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

27.

Defendants engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages to 42 U.S.C. § 1981a.

## COUNT TWO

## TITLE I – ADVERSE EMPLOYMENT ACTION

28.

Plaintiff realleges and reincorporates Paragraphs 1 through 27 of the Complaint, as if more fully set herein.

29.

Plaintiff is a qualified individual that has the requisite skill, experience, and education who successfully performed the Global Marketing Director Crosslinkers position for over two years after successfully performing various Global Marketing roles since 2014.

30.

Defendant has engaged in intentional discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, replacing Plaintiff with a younger employee and failing and refusing to pay Plaintiff's bonus.

31.

Defendant's conduct violates Title I.

32.

Defendants' discriminatory conduct, in violation of Title I. has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

33.

Defendants' actions have caused Plaintiff to suffer physical, mental, and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

## COUNT THREE

## HOSTILE WORK ENVIRONMENT

34.

Plaintiff realleges and reincorporates Paragraphs 1 through 33 of the Complaint, as if more fully set forth herein.

35.

Allnex's behavior gives rise to a pattern and practice of conduct that is intentional and willfully targeted at those over the age of forty (40) years.

## COUNT FOUR

## BREACH OF CONTRACT

36.

Plaintiff realleges and incorporates Paragraphs 1. through 35. of the Complaint, as if more fully set forth herein.

37.

Allnex breached its contract with Mr. Auger by failing and refusing to provide Mr. Auger with support to perform his duties and by failing and refusing to pay due compensation and bonuses.

38.

Plaintiff has been damaged in an amount to be proven at trial.

## COUNT FIVE

## UNJUST ENRICHMENT

39.

Plaintiff realleges and reincorporates Paragraphs 1. through 38. of the Complaint, as if more fully set forth herein.

40.

As a direct and proximate result of Plaintiff's efforts in working as a Global Marketing Manager and Director, Defendant was unjustly enriched.

41.

Plaintiff seeks judgment for the quantum meruit of his work in an amount to be proven at trial.

## COUNT SIX

## FRAUD

42.

Plaintiff realleges and incorporates Paragraphs 1 through 41 of the Complaint, as if more fully set forth herein.

43.

Despite promises to pay Mr. Auger bonuses, Allnex fraudulently withheld Mr. Auger's bonus and pay. At the time Allnex made the promise, they knew they had no intention of compensating Plaintiff. Plaintiff relied on Allnex's promises.

44.

As a direct and proximate result of the fraudulent inducement by Allnex, Plaintiff was damaged in an amount to be proven at trial.

## COUNT SEVEN

## PUNITIVE DAMAGES

45.

Plaintiff realleges and incorporated Paragraphs 1 through 50 of the Complaint, as if more fully set forth herein.

46.

Defendants' individual and joint actions demonstrate an intentional or willful misconduct, and an entire want of care and/or indifferent to the consequences so as to justify an award of punitive damages to the Plaintiff in an amount to be proven at trial.

## COUNT EIGHT

## ATTORNEY'S FEES

47.

Plaintiff realleges and reincorporates Paragraphs 1 through 46 of the Complaint as if more fully set forth herein.

48.

Defendant has acted in bad faith and has been stubbornly litigious with regard to the transactions that are in the subject of this Complaint. As such, Defendant is liable to Plaintiff for attorney's in amounts to be proven at trial.

## Prayer for Relief

Wherefore Plaintiff prays for judgement as follows:

1. That is Court grant full back pay to the Plaintiff;

2. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

3. That the Court award Plaintiff his just bonuses;

4. That the Court award Plaintiff damages for his mental, emotional, and physical distress;

5. That the Court grant Plaintiff expenses to litigation, including reasonable attorney's fees, pursuant to the Title I, the ADEA and §1981a.;

6. That Plaintiff receive judgment against Defendants for Breach of Contract in amounts to be proven at trial;

7. That Plaintiff have the Unjust Enrichment in amounts to be proven at trial;

8. That Plaintiff receive judgment against Defendants for the Fraud committed against him in amounts to be proven at trial;

9. That Plaintiff receive judgment against Defendants for Punitive Damages;

10. That Plaintiff receive judgement against Defendants for Attorney's Fees and Costs;

11. That this Court grant Plaintiff a jury trial;

12. That this Court grant Plaintiff such other and further relief as this Court

deems just and proper.

Respectfully submitted, this 30th day of November, 2022.

_____
Ronald F. Debranski II
Attorney for Plaintiff Scott Auger
Ga Bar No. 970355

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Mr. Scott Auger<br>720 Whisper Wind Ct<br>Woodstock, GA 30189 | From: Atlanta District Office<br>100 Alabama Street, SW, Suite 4R30<br>Atlanta, GA 30303 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2021-03096 | Ananda Harris,<br>Lead EEO Investigator | (470) 531-4762 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Age Discrimination in Employment Act (ADEA):* You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Darrell Graham
10/27/2022

Enclosures(s)

**Darrell Graham**
**District Director**

cc:  Jessica H Thomas
Ogletree Deakins Nash Smoak & Stewart, P.C.
191 PEACHTREE ST NE STE 4800
Atlanta, GA 30303

Ronald F Debranski
Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188

ATTACHMENT "A"